# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KEVIN BRANTNER,**

                  **Plaintiff,**

                  v.                                Case No. 10-C-05

**GOODWILL INDUSTRIES,**

                  **Defendant.**

---

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

---

On January 5, 2010, Kevin Brantner ("Brantner"), proceeding pro se, filed a complaint alleging that his former employer, Goodwill Industries ("Goodwill") discriminated against him when he was terminated. (Docket No. 1.) Brantner states in his complaint "they fired me on 12-31-07 and made out the Determination on 5-27-08 and was in my hands by 7-1-08 I filed on April 21 2009 which was under 300 days I should go after them for false information." Attached to his complaint is a "right to sue" letter from the EEOC dated November 4, 2009, which states that his charge was dismissed because it was not timely field. (Docket No. 1 at 5.)

Also included with his complaint was a petition to proceed in forma pauperis. (Docket No. 2.) In this petition, Brantner indicates that he has a monthly income of $795.00. (Docket No. 2 at 4.) He lists expenses totaling $251.00, but also lists expenses for "gas-light" and "cats (vet bill)" without providing amounts for either. (Docket No. 2 at 4.) He then states that his total monthly expenses are $795.00. (Docket No. 2 at 4.) Further, he states he does have a "cash or checking, savings, or other similar accounts," (Docket No. 2 at 3), but left blank the line where he was

instructed to indicate the amount of sums. He further states that he owns vehicles approximately worth $7,800.00. (Docket No. 2 at 3.)

Because Brantner's petition to proceed in forma pauperis was incomplete, and thus the court was unable to determine if he is indigent and unable to pay the filing fee, the court permitted Brantner the opportunity to file an amended motion to proceed in forma pauperis. (Docket No. 5.)

Further, the court noted that certain aspects of Brantner's complaint was not clear and thus it would be difficult for the court to screen his complaint, if necessary, upon receipt of an amended motion to proceed in forma pauperis. Thus, the court gave Brantner time to submit an amended complaint as well.

On March 5, 2010, Brantner submitted both an amended complaint, (Docket No. 8), and an amended motion for leave to proceed in forma pauperis, (Docket No. 9). Brantner has consented to the full jurisdiction of a magistrate judge. (Docket No. 3.)

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). In order to balance these competing concerns, before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

Based upon the financial information provided in the petition and affidavit, the plaintiff has demonstrated an inability to pay the filing fee and therefore the court shall proceed to the second step of the analysis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton, 504 U.S. at 31; Neitzke, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, this does not mean that the court is required to accept without question the truth of the plaintiff's allegations. Denton, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." Id. at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." Id.

However, a claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and therefore be subject dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

(2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's amended complaint.

In his amended complaint, Brantner has provided the court with additional documents and again, it initially appears that Brantner's complaint relates to allegations that the defendant terminated his employment due to his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). See 42 U.S.C. § 12101 et seq. But upon a closer review of the complaint and all the documents appended thereto it appears that Brantner is actually making two distinct claims, both falling under the ADA.

First, Brantner alleges he worked in food service at the Great Lakes Naval Base as part of a program coordinated by defendant Goodwill Industries of Wisconsin. (Docket No. 8 at 25.) He was eventually terminated from this position no later than January 31, 2008. (See Docket No. 8 at 25) (the court notes that various dates for his termination are listed in the documents including January 29, 2007, (see Docket No. 8 at 4), December 31, 2007, (Docket No. 8 at 6), January 1, 2008, (Docket No. 8 at 6), January 29, 2008, (Docket No. 8 at 8; but see Docket No. 8 at 21 (Brantner alleging that he was *not* fired on January 29, 2008)), and January 31, 2008, (Docket No. 8 at 4)). Brantner alleges that the reason for his termination was his actual or perceived disability.

Second, there is the separate and seemingly distinct allegation that on May 27, 2008, Brantner, or an agency acting on his behalf (the "determination" indicates the agency handling the submission was "WFC"), then reapplied to participate in a JWOD program (JWOD being a common acronym for the Javits-Wagner-O'Day Act, 41 U.S.C. § 46 et seq., a federal program relating to the employment of individuals with disabilities), that was run by the defendant. (Docket No. 8 at 12.) Handwritten notes on this form indicate that Brantner's identified disabilities no longer qualify Brantner to participate in the program, and thus upon an initial evaluation, Brantner was determined to be ineligible for the program. (Docket No. 8 at 12.) The court construes this as an allegation that the defendant refused to rehire Brantner due to his actual or perceived disability.

Either of these allegations may present cognizable claims under the ADA. Further, as this court noted in its prior order, when it comes to employment discrimination claims, timing is important. Charges of discrimination must be filed

> with the EEOC within 180 days after the "alleged unlawful employment practice occurred," unless the charges are first filed with a state agency that has the authority to grant relief from the "alleged unlawful employment practice," in which case the charges must be filed with the EEOC "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice" that the state agency has terminated its proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1).

Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot., 344 F.3d 680, 686-87 (7th Cir. 2003).

With respect to Brantner's claim related to his termination, it seems apparent that Brantner did not file his complaint with the ERD within 300 days of the alleged unlawful employment practice, i.e. his termination. In cases where discriminatory discharge is alleged, the date this 300 day clock starts running is the date on which the following two elements are satisfied:

> First, there must be a final, ultimate, non-tentative decision to terminate the employee. See Delaware State Coll. v. Ricks, 449 U.S. 250, 258-59 (1980). However, an employer who communicates a willingness to later change a final decision of termination, as through an appeals process, does not render a decision "tentative" and not final for the purposes of beginning the limitations period. See 449 U.S. at 261. Second, the employer must give the employee "unequivocal" notice

-5-
Case 2:10-cv-00005-JPS   Filed 04/05/10   Page 5 of 6   Document 10

of its final termination decision. See Dvorak v. Mostardi Platt Assocs., Inc., 289 F.3d 479, 486 (7th Cir. 2002). Both of these elements are necessary to start the limitations period; neither alone is sufficient. See Ricks, 449 U.S. at 258-59; Dvorak, 289 F.3d at 486.

Flannery, 354 F.3d at 637.

Nonetheless, Brantner's apparent failure to file a complaint with the ERD within 300 days of his termination does not constitute a basis to dismiss Brantner's complaint at this very preliminary stage. The 300 day deadline is not a jurisdictional prerequisite but is subject to equitable tolling and estoppel. Amtrak v. Morgan, 536 U.S. 101, 113 (2002) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Accordingly, the court finds that Brantner's complaint is sufficient for the purposes of permitting Brantner to proceed in forma pauperis.

**IT IS THEREFORE ORDERED** that Brantner's motion to proceed in forma pauperis, (Docket No. 9.) is **granted**.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the amended complaint, a waiver of service form and/or the summons, and this order upon defendants. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived, either by the court or by the Marshals Service.

Dated at Milwaukee, Wisconsin this 5th day of April, 2010.

                                                 s/AARON E. GOODSTEIN
                                                 U.S. Magistrate Judge